IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**FREDERICK PENNINGTON JR.**                                                                  **PLAINTIFF**
**ADC #071305**

v.                                              No: 4:20-cv-01420 BRW

**R. WATSON,** *et al.*                                                                              **DEFENDANTS**

## ORDER

Pending are Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and two Motions for Leave to Amend (Doc. Nos. 5, 9). For the reasons set out below, all three motions are DENIED and this case is DISMISSED.

**I.       BACKGROUND**

Plaintiff Frederick Pennington Jr., currently in custody at the Wrightsville Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint[1] pursuant to 42 U.S.C. § 1983, along with an application to proceed *in forma pauperis* ("IFP motion").[2] Pennington was directed to file an amended complaint describing why he believes he is in imminent danger of serious physical injury.[3] He subsequently filed an amended complaint,[4] and two motions to amend his complaint and for preliminary injunction.[5]

**II.      DISCUSSION**

Because Pennington's complaint must be dismissed, without prejudice, for failure to state a claim upon which relief may be granted and pursuant to the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). Under the three-strikes provision of the PLRA, a

---

[1] Doc. No. 2.
[2] Doc. No. 1.
[3] Doc. No. 4.
[4] Doc. No. 8.
[5] Doc. Nos. 5 & 9.

1

prisoner's *in forma pauperis* action must be dismissed, *sua sponte* or upon a motion of a party, if the prisoner has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[6] The Eighth Circuit has upheld the constitutionality of the three-strikes provision.[7] Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Pennington has had more than three prior civil actions dismissed for failure to state a claim upon which relief may be granted.[8] To proceed *in forma pauperis*, Pennington must establish that he is in imminent danger of serious physical injury.[9]

Pennington alleges he has contracted the Covid-19 virus, that he has not received treatment for Hepatitis C, and that he is being held unlawfully. He seeks damages, restoration of good time credits, and release from prison. The bulk of his complaint, amended complaint, and motions to amend his complaint concern his claims that there is evidence proving his innocence and that he was wrongfully denied parole. These claims do not support a claim for relief under § 1983. If release from confinement or restoration of good time credits is sought, the appropriate action is a federal habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted

---

[6] 28 U.S.C. § 1915(g).

[7] *Higgins v. Carpenter,* 258 F.3d 797, 801 (8th Cir. 2001).

[8] The following cases filed by Pennington are the three most recent cases dismissed for failure to state a claim: *Pennington v. Harmon, et al.,* No. 5:01-cv-00034-BRW (E.D. Ark. 2001); *Pennington v. Pryor, et al.*, No. 4:00-cv-00748-BRW (E.D. Ark. 2000); and *Pennington v. Brownlee, et al.*, No. 5:99-cv-00184-SWW (E.D. Ark. 1999). *See also Pennington v. Corr. Med. Servs.*, No. 5:06CV00144 HDY, 2007 WL 2904005, at *1 (E.D. Ark. Oct. 3, 2007) (stating that Pennington filed forty-one separate lawsuits, including thirty-seven concerning the conditions of his confinement, since 1988). Pennington filed ten additional § 1983 cases before filing this lawsuit.

[9] *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998).

his available remedies in state court.[10] Additionally, a prisoner cannot obtain damages for a wrongful conviction or the loss of any wrongfully taken good time credits until his allegedly improper convictions are reversed by the highest state court or in a federal habeas action.[11] Accordingly, Pennington's claims relating to his conviction and lost good time must be dismissed for failure to state a claim upon which relief may be granted.

With respect to Pennington's medical indifference claims, Pennington fails to describe any facts to support a claim that he has been denied appropriate medical treatment or is in imminent danger of serious physical injury.  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.[12] An action fails to state a claim upon which relief if it does not plead sufficient facts to "raise a right to relief above the speculative level."[13]  With respect to Hepatitis C, Pennington does not describe any symptoms that lead him to believe he has an active hepatitis C infection in need of treatment.  In a prior case, Pennington acknowledged that he had received effective treatment for a hepatitis C infection years ago.[14] Regarding Covid-19, Pennington alleges he contracted the virus in October 2020.  He does not allege that he suffered any symptoms or illness at that time, or that any symptoms continue at this time.  The imminent danger exception "focuses on the risk that the conduct complained of threatens continuing or future injury . . . ."[15]  Because Pennington has not sufficiently described why he believes he is imminent danger of serious physical harm,

---

[10] *See Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973); 28 U.S.C. § 2254; *Edwards v. Balisok*, 520 U.S. 641, 643–44; *Heck v. Humphrey,* 512 U.S. 477 (1994).
[11] *See Edwards v. Balisok*, 520 U.S. at 643–44; *Heck v. Humphrey,* 512 U.S. 477.
[12] *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[14] *See Pennington v. Drummond, et al.,* No. 2:18-cv-00046-BSM, Doc. No. 9 at 3-4.
[15] *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

his application to proceed *in forma pauperis* should be denied. Furthermore, Pennington's allegations regarding his medical care fail to describe a claim upon which relief may be granted.

## CONCLUSION

For the reasons set out above, Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. No. 1) and Motions for Leave to Amend (Doc. Nos. 5, 9) are DENIED. This case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. An *in forma pauperis* appeal from this order would not be taken in good faith.

IT IS SO ORDERED this 13th day of January, 2021.

Billy Roy Wilson
UNITED STATES DISTRICT JUDGE